UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

ROCCO J. LAFARO, M.D.,
ARLEN G. FLEISHER, M.D.,
and CARDIAC SURGERY GROUP, P.C.,

          Plaintiffs,

vs.

NEW YORK CARDIOTHORACIC
GROUP, PLLC, STEVEN L. LANSMAN, M.D.,
DAVID SPIELVOGEL, M.D., WESTCHESTER
COUNTY HEALTH CARE CORPORATION
and WESTCHESTER MEDICAL CENTER,

          Defendants.

----------------------------------------x

**DECLARATION IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Case No. 07 Civ. 7984 (SCR)

JORDY RABINOWITZ, hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I am a Senior Associate General Counsel for Westchester County Health Care Corporation ("WCHCC") and the Hospital it operates, Westchester Medical Center ("WMC"). Together with the law firm of Garfunkel, Wild & Travis, P.C., I represent all of the Defendants in this matter, and submit this declaration in support of Defendants' motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Introduction

2. According to Plaintiffs, they had been the *de facto* exclusive provider of cardiothoracic surgery at WMC for over 30 years. In sworn affidavits filed in a recent sate court action seeking to prevent a former Cardiac Surgery Group, P.C. ("CSG") surgeon from

competing with them, Plaintiffs asserted that their "sole-source" provider status was of great benefit to patient care and to WMC. Now that WMC has selected Defendants as the "semi-sole" cardiothoracic surgery provider, however, such an arrangement according to Plaintiffs, violates federal and state antitrust laws. (Defendants are not the sole provider because Plaintiffs continue to provide cardiothoracic surgery at WMC).

3. As a matter of law, however, the mere reshuffling of competitors does not create an antitrust injury, and Plaintiffs also lack antitrust standing because they are an exceedingly poor choice to enforce the antitrust laws.

4. In addition, the Defendants, a public benefit corporation and those acting in concert with it, are immune from antitrust liability under the State Action Doctrine and the Local Government Antitrust Act.

5. Accordingly, Defendants move to dismiss the complaint in its entirety on the grounds that (i) Plaintiffs' antitrust claims are barred by the State Action Doctrine; (ii) Plaintiffs are barred from seeking damages on their antitrust claims under the Local Government Antitrust Act ("LGAA"); and (iii) Plaintiffs' antitrust claims fail because Plaintiffs lack antitrust standing. Defendants also contend that this Court should not retain supplemental jurisdiction over Plaintiffs' state-law claims.

### Exhibits

6. The primary purpose of this declaration is to transmit to the Court exhibits that are relevant to Defendants' motion.

7.	Attached as Exhibit 1 is Plaintiffs' Complaint dated September 10, 2007.

8.	Attached as Exhibit 2 is Defendants' First Amended Answer and Jury Demand dated November 19, 2007.

9.	Attached as Exhibit 3 is a stipulation whereby Defendants withdrew certain affirmative defenses interposed in their Answer.

10.	Attached as Exhibit 4 is New York Public Authorities Law §§ 3300 *et seq.* As demonstrated in the accompanying Memorandum of Law, WCHCC/WMC is a New York State Public Benefit Corporation, and as such is protected under the state action doctrine and the LGAA. The Memorandum of Law cites numerous portions of the Public Authorities Law (WCHCC/WMC's enabling legislation) that the Court will need to consider as part of this analysis.

11.	Plaintiffs claims are based on allegations that WMC entered into an exclusive agreement with defendant New York Cardiothoracic Group, PLLC ("NYCG"), thus hampering competition and injuring Plaintiffs. However, this agreement also "grandfathers" Plaintiffs, permitting them to retain their clinical privileges and practice at the Hospital. A true copy of the Professional Services Agreement is attached hereto as Exhibit 5.

12.	In fact, Plaintiffs continue to practice at WMC. Hospital records indicate that Dr. Lafaro performed approximately 177 surgeries in 2005; 211 surgeries in 2006; and 209 surgeries in 2007. Similarly, Dr. Fleisher performed 220 surgeries in 2005; 202 surgeries in 2006; and 120 surgeries in 2007. By way of comparison, Dr. Lansman performed 135 surgeries in 2005;

210 surgeries in 2006; and 120 surgeries in 2007. Dr. Spielvogel performed 207 surgeries in 2005; 247 surgeries in 2006; and 257 surgeries in 2007.

13. Attached as Exhibit 6 are letters concerning Dr. Lafaro's leave of absence from WMC.

14. Attached as Exhibit 7 are copies of media reports of Dr. Fleisher's 2005 federal indictment, which alleged that he and others provided Viagra and other prescription drugs to the Gambino crime family.

15. Also relevant to Defendants' motion to dismiss are sworn statements filed in court by the Plaintiff Arlen Fleisher, by George Reed, M.D., a shareholder and founder of Plaintiff CSG, and by their then counsel -- in a lawsuit entitled *Cardiac Surgery Group, P.C. v. Sarabu*, Westchester County Index No. 6401/04. CSG commenced that suit to enforce a restrictive covenant against one its former surgeons. These statements establish that Plaintiffs (i) were the *de facto* sole providers of cardiothoracic surgery services at WMC for almost three decades; (ii) had tried to negotiate their own exclusive provider agreement with WMC, (iii) believe that a "sole-source" provider model is in the best interests of the Hospital and patients; and (iv) believe that WMC operates in a highly competitive market. All of these statements are contrary to positions taken by Plaintiffs in the instant litigation, and establish that Plaintiffs have not suffered an antitrust injury, nor are they the most "efficient enforcers" of the antitrust laws.

16. Attached as Exhibit 8 is the affidavit of Arlen Fleisher, M.D., sworn to April 26, 2004.

4

830758v.2

17. Attached as Exhibit 9 is the affidavit of George Reed, M.D., sworn to June 16, 2004.

18. Attached as Exhibit 10 is the affidavit of Anthony Demetracopolous, Esq., sworn to June 17, 2004.

19. In addition, attached hereto as Exhibit 11 is a letter from Plaintiffs' counsel to Michael Israel, President & CEO of WMC, dated March 22, 2007.

20. For the reasons stated in the accompanying Memorandum of Law, Defendants respectfully request that the Court dismiss the complaint in its entirety with prejudice, and grant such other and further relief as this Court may deem just and proper.

I declare under penalty of perjury
that the foregoing is true and correct
Executed on February 1, 2008

_____
JORDY RABINOWITZ