**EXHIBIT 2**

Leonard Rosenberg (LR-6910)
Garfunkel, Wild & Travis, P.C.
111 Great Neck Road, Suite 503
Great Neck, New York 11021
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ROCCO J. LAFARO, M.D., ARLEN G. FLEISHER, M.D., and CARDIAC SURGERY GROUP, P.C.,

Plaintiffs,

-against-

NEW YORK CARDIOTHORACIC GROUP, PLLC, STEVEN L. LANSMAN, M.D., DAVID SPIELVOGEL, M.D., WESTCHESTER COUNTY HEALTH CARE CORPORATION and WESTCHESTER MEDICAL CENTER,

Defendants.
------------------------------------------------------------x

**FIRST AMENDED ANSWER WITH JURY DEMAND**

07 Civ. 7984 (SCR)

Defendants New York Cardiothoracic Group, PLLC. ("NYCG"), Steven L. Lansman, M.D. ("Dr. Lansman"), David Spielvogel, M.D. ("Dr. Spielvogel"), Westchester County Health Care Corporation ("WCHCC"), and Westchester Medical Center ("WMC") by their attorneys, Garfunkel, Wild & Travis, P.C, answer the complaint dated September 10, 2007 as follows:

### The Parties

1. Admit the allegations set forth in Paragraph 1 of the complaint.

2. Admit the allegations set forth in Paragraph 2 of the complaint.

3. Admit the allegations set forth in Paragraph 3 of the complaint.

4. Deny the allegations set forth in Paragraph 4 of the complaint, except admit that WCHCC is a Public Benefit Corporation created by the New York State Public Authorities Law § 3300, *et seq*.

5. Admit the allegations set forth in Paragraph 5 of the complaint.

6. Admit the allegations set forth in Paragraph 6 of the complaint.

7. Admit the allegations set forth in Paragraph 7 of the complaint and clarify that Dr. Spielvogel's principal place of business is Macy Pavilion 114W, Westchester Medical Center, Valhalla, New York..

8. Admit the allegations set forth in Paragraph 8 of the complaint.

### Jurisdiction and Venue

9. As to the allegations set forth in Paragraph 9 of the complaint, deny that plaintiffs state a claim sufficient to invoke the Court's subject matter jurisdiction under the Sherman Act, 15 U.S.C. §§ 1 et seq. or the Clayton Act, 15 U.S.C. §§ 12 et seq.

10. Deny the allegations set forth in Paragraph 10 of the complaint.

11. Deny the allegations set forth in Paragraph 11 of the complaint, except respectfully refer to the Court all questions of venue.

## Factual Allegations

12.     Deny the allegations set forth in the first sentence of Paragraph 12 of the complaint. As to the remaining allegations set forth in Paragraph 12, admit that WCHCC operates a hospital licensed under Article 28 of the New York State Public Health Law, that such hospital is known as Westchester Medical Center located in Westchester County, and that the hospital provides medical services to its patient population.

13.     Deny the allegations set forth in Paragraph 13 of the complaint, except admit that WCHCC grants medical staff membership and clinical privileges consistent with its obligations under New York State Public Health Law and its Medical Staff bylaws.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the complaint.

15.     Deny the allegations set forth in Paragraph 15 of the complaint, except admit that WCHCC grants medical staff membership and clinical privileges in a manner consistent with the New York State Public Health Law and its own medical staff bylaws.

16.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 16 of the complaint, except admit that WCHCC is affiliated with the New York Medical College ("NYMC") and that NYMC, WCHCC, and the Federated Faculty Practice Plan ("FFPP") constitute an academic medical center.

17.     Deny the allegations set forth in Paragraph 17 of the complaint, except admit that WCHCC and NYMC are parties to an Affiliation Agreement, and respectfully

refer the Court to that agreement and to the Medical Staff and FFPP bylaws for their true and complete terms.

18. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the complaint, and respectfully refer the Court to the FFPP Bylaws for its true and complete terms.

19. Deny the allegations set forth in Paragraph 19 of the complaint, and respectfully refer the court to the Medical Staff and FFPP Bylaws and WMC's rules and regulations for their true and complete terms.

20. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the complaint.

21. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the complaint.

22. Deny the allegations set forth in Paragraph 22 of the complaint, and respectfully refer the Court to the audit alleged to have been performed and issued by the New York State Comptroller for its true and complete terms.

23. Deny the allegations set forth in Paragraph 23 of the complaint, and respectfully refer the Court to the audit alleged to have been performed and issued by the New York State Comptroller for its true and complete terms.

24. Deny the allegations set forth in Paragraph 24 of the complaint.

25. Admit the allegations set forth in Paragraph 25 of the complaint, except deny that WCHCC and WMC recruited Dr. Lansman only out of concern over purported financial issues and reputational decline of WMC.

26. Deny the allegations set forth in Paragraph 26 of the complaint.

27. Deny the allegations set forth in Paragraph 27 of the complaint.

28. Admit the allegations set forth in Paragraph 28 of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29, except deny that plaintiffs invited Drs. Lansman and Spielvogel to join CSG.

30. Deny the allegations set forth in Paragraph 30 of the complaint.

31. Deny the allegations set forth in the first sentence of Paragraph 31 of the complaint, except admit WCHCC entered into a Professional Services Agreement with respect to cardiothoracic services at WCHCC, and respectfully refer the Court to that Agreement for its true and complete terms. Deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in that paragraph.

32. Deny the allegations set forth in Paragraph 32 of the complaint, except admit WCHCC entered into a Professional Services Agreement with respect to cardiothoracic services at WCHCC, and respectfully refer the Court to that Agreement for its true and complete terms.

33. Deny the allegations set forth in Paragraph 33 of the complaint.

708362v.3

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the complaint, except admit that Lansman and Spielvogel are members of the faculty at NYMC and that Lansman is Chief of the Section of Cardiothoracic Surgery.

36. Deny the allegations set forth in Paragraph 36 of the complaint.

37. Deny the allegations set forth in Paragraph 37 of the complaint.

38. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the complaint, except admit that Michael Evans applied to WCHCC for privileges.

39. Admit the allegations set forth in Paragraph 39 of the complaint.

40. Deny the allegations set forth in Paragraph 40 of the complaint.

41. As to the allegations set forth in Paragraph 41 of the complaint, respectfully refer the Court to the letter dated April 5, 2007, for its true and complete terms.

42. Admit the allegations contained in Paragraph 42 of the complaint to the extent that Plaintiffs requested a copy of the Professional Services Agreement with respect to Cardiothoracic Services at WCHCC, but deny that defendants refused to

provide a copy of that agreement to plaintiffs. Rather, the Agreement contains a confidentiality provision which prevents its disclosure.

43. As to the allegations set forth in Paragraph 43 of the complaint, defendants respectfully refer the Court to the letter dated April 23, 2007, for its true and complete terms.

44. As to the allegations set forth in Paragraph 44 of the complaint, defendants respectfully refer the Court to the letter dated April 23, 2007, for its true and complete terms.

45. Deny the allegations set forth in Paragraph 45 of the complaint.

46. Deny the allegations set forth in Paragraph 46 of the complaint.

## Count I

47. Defendants repeat and reallege each and every allegation set forth in Paragraphs 1 through 46 of this Answer, and incorporate same as if fully set forth herein.

48. Deny the allegations set forth in Paragraph 48 of the complaint, and respectfully refer all questions of law to the Court.

49. Deny the allegations set forth in Paragraph 49 of the complaint, and respectfully refer all questions of law to the Court.

50. As to the allegations set forth in Paragraph 50 of the complaint, deny plaintiffs' allegation characterizing the "relevant geographic market" and deny knowledge or information sufficient to form a belief as to the truth of the remaining

allegations set forth in that paragraph. Defendants respectfully refer all questions of law to the Court.

51. Deny the allegations set forth in Paragraph 51 of the complaint.

52. Deny the allegations set forth in Paragraph 52 of the complaint, and respectfully refer all questions of law to the Court.

53. Deny the allegations set forth in Paragraph 53 of the complaint.

54. Deny the allegations set forth in Paragraph 54 of the complaint.

55. Deny the allegations set forth in Paragraph 55 of the complaint and the allegations made in all subparagraphs therein.

56. Deny the allegations set forth in Paragraph 56 of the complaint.

57. Deny the allegations set forth in Paragraph 57 of the complaint.

58. Deny the allegations set forth in Paragraph 58 of the complaint.

59. Deny the allegations set forth in Paragraph 59 of the complaint.

### **Count II**

60. Defendants repeat and reallege each and every allegation set forth in Paragraphs 1 through 59 of this Answer, and incorporate same as though set forth fully herein.

61. Deny the allegations set forth in Paragraph 61 of the complaint, and respectfully refer the Court to the FFPP Bylaws and WMC's Medical Staff Bylaws and Rules and Regulations for their true and complete terms.

62. Deny the allegations set forth in Paragraph 62 of the complaint.

63. Deny the allegations set forth in Paragraph 63 of the complaint.

64. Deny the allegations set forth in Paragraph 64 of the complaint.

65. Deny the allegations set forth in Paragraph 65 of the complaint.

66. Deny the allegations set forth in Paragraph 66 of the complaint.

67. Deny the allegations set forth in Paragraph 67 of the complaint.

68. Deny the allegations set forth in Paragraph 68 of the complaint.

69. Deny the allegations set forth in Paragraph 69 of the complaint.

## Count III

70. Defendants repeat and reallege each and every allegation set forth in Paragraphs 1 through 69 of this Answer, and incorporate same as though set forth fully herein.

71. Deny the allegations set forth in Paragraph 71 of the complaint.

72. Deny the allegations set forth in Paragraph 72 of the complaint.

73. Deny the allegations set forth in Paragraph 73 of the complaint.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses to plaintiffs' complaint, without assuming the burden of proof of such defenses that would otherwise rest with plaintiffs. Discovery has not yet commenced, the results of which may reveal additional defenses, and defendants reserve their right to amend this Answer as appropriate.

### FIRST AFFIRMATIVE DEFENSE

74. Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

75. Plaintiffs lack antitrust standing to bring claims under the Sherman Act and Clayton Act.

### THIRD AFFIRMATIVE DEFENSE

76. The complaint fails to state a claim upon which relief may be granted under the Sherman Act § 1, 15 U.S.C. § 1 and the Clayton Act §§ 4, 16, 15 U.S.C. §§ 15(a), 26, because plaintiffs have not adequately alleged an antitrust injury or an unreasonable restraint of trade.

### FOURTH AFFIRMATIVE DEFENSE

77. The complaint fails to state a claim upon which relief may be granted under the Sherman Act § 1, 15 U.S.C. § 1 and the Clayton Act §§ 4, 16, 15 U.S.C. §§ 15(a), 26, because plaintiffs have not adequately alleged that they are the proper parties to bring an antitrust action.

### FIFTH AFFIRMATIVE DEFENSE

78. The complaint fails to state a claim upon which relief may be granted under the Sherman Act § 1, 15 U.S.C. § 1 and the Clayton Act §§ 4, 16, 15 U.S.C. §§ 15(a), 26, because plaintiffs have not adequately alleged, and defendants' actions do not constitute, a substantial effect upon interstate commerce.

### SIXTH AFFIRMATIVE DEFENSE

79. The complaint fails to state a claim upon which relief may be granted under the Sherman Act § 1, 15 U.S.C. § 1 and the Clayton Act §§ 4, 16, 15 U.S.C. §§ 15(a), 26, because plaintiffs have not adequately alleged the existence of a proper relevant product market and geographic market in which defendants' purported actions unreasonably restrained trade.

### SEVENTH AFFIRMATIVE DEFENSE

80. The complaint fails to state a claim upon which relief may be granted under the Sherman Act § 1, 15 U.S.C. § 1 and the Clayton Act §§ 4, 16, 15 U.S.C. §§ 15(a), 26, because plaintiffs have not adequately alleged that the defendants combined or conspired with an intent to unreasonably restrain trade.

### EIGHTH AFFIRMATIVE DEFENSE

81. The complaint fails to state a claim upon which relief may be granted under the Sherman Act § 1, 15 U.S.C. § 1 and the Clayton Act §§ 4, 16, 15 U.S.C. §§ 15(a), 26, because plaintiffs have not adequately alleged that defendants have market power over the relevant market.

## NINTH AFFIRMATIVE DEFENSE

82. The complaint fails to state a claim upon which relief may be granted under the Sherman Act § 1, 15 U.S.C. § 1 and the Clayton Act §§ 4, 16, 15 U.S.C. §§ 15(a), 26, in that with respect to their actions concerning plaintiff and his employment status, defendants were not separate economic actors, but employees, officers, agents, and/or divisions of a single enterprise, whose coordinated conduct does not constitute concerted action under antitrust law.

## TENTH AFFIRMATIVE DEFENSE

83. All of defendants' alleged anticompetitive actions were undertaken for pro-competitive and legitimate business reasons.

## ELEVENTH AFFIRMATIVE DEFENSE

84. Plaintiffs' claims are barred, in whole or in part, because the conduct of which plaintiffs complain has not, and will not, lessen competition, tend to create a monopoly or injure, destroy or prevent competition.

## TWELFTH AFFIRMATIVE DEFENSE

85. Plaintiffs' antitrust claims are conclusory.

## THIRTEENTH AFFIRMATIVE DEFENSE

86. The complaint fails to state a claim upon which relief may be granted under the New York State Donnelly Act, General Business Law § 340, because licensed physicians and the medical profession are exempt from liability under that Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

87. Plaintiffs' claims of injury to Drs. Lafaro and Fleisher and Cardiac Surgery Group are barred due to the existence of documentary evidence, i.e., the Professional Services Agreement.

## FIFTEENTH AFFIRMATIVE DEFENSE

88. Plaintiffs' claim of defendants' strategic "denial of [plaintiffs'] access to the operating room and to required medical staff equipment" is barred due to the existence of documentary evidence, i.e., the Professional Services Agreement.

## SIXTEENTH AFFIRMATIVE DEFENSE

89. The complaint fails to state a claim upon which relief may be granted for tortious interference with contractual duties because any purported duty of WCHCC to honor the bylaws of the Federated Faculty Practice Plan ("FFPP") does not constitute a contractual obligation under New York law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

90. Defendants have not violated any purported duties under the FFPP Bylaws, WCHCC's Medical Staff Bylaws or its Rules and Regulations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

91. WCHCC has no contractual duty to plaintiffs.

## NINETEENTH AFFIRMATIVE DEFENSE

92. The complaint fails to state a claim upon which relief may be granted for interference with prospective business relations because plaintiffs have not adequately

alleged that but for defendants' alleged conduct, plaintiffs would have treated a greater number of patients.

### TWENTIETH AFFIRMATIVE DEFENSE

93. The complaint fails to state a claim upon which relief may be granted for interference with prospective business relations because plaintiffs have not adequately alleged that defendants' purported conduct was undertaken with the sole purpose of harming plaintiffs.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

94. Plaintiffs' state law claims should be dismissed under 28 U.S.C. § 1367(c).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

95. The claims are barred to the extent that plaintiffs failed to exhaust all necessary administrative remedies and procedures prior to the commencement of this action.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

96. To the extent plaintiffs complain of any action relating to their medical staff membership and hospital privileges, the complaint must be dismissed on grounds of primary jurisdiction because plaintiffs failed to commence and exhaust their administrative remedies with the New York State Public Health Council.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

97. Plaintiffs are not entitled to injunctive relief because the complaint fails to establish a likelihood of success on the merits of plaintiffs' claims.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

98. Plaintiffs are not entitled to injunctive relief because the complaint fails to establish that plaintiffs will be irreparably harmed absent such relief.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

99. Plaintiffs' claims are barred, in whole or in part, by the principles of waiver, release, estoppel, and laches.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

100. Upon information and belief, plaintiffs had and continue to have the opportunity to mitigate their alleged damages, but have failed and refused to do so.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

101. The claims are barred to the extent that plaintiff failed to satisfy the statutory and/or jurisdictional prerequisites for the commencement of this action.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

102. Plaintiffs are not entitled to treble damages.

### THIRTIETH AFFIRMATIVE DEFENSE

103. To the extent plaintiffs seek equitable relief, plaintiffs are barred from obtaining said relief for, among other reasons, they have an adequate remedy at law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

104. Plaintiffs' claims are barred, in whole or in part, by the State Action Doctrine, pursuant to *Parker v. Brown*, 317 U.S. 341, 63 S. Ct. 307 (1943).

## THIRTY-SECOND AFFIRMATIVE DEFENSE

105. Plaintiff's claims are barred, in whole or in part, pursuant to the Local Government Antitrust Act, 15 U.S.C. §§ 34-36.

WHEREFORE, defendants New York Cardiothoracic Group, PLLC, Steven L. Lansman, M.D., David Spielvogel, M.D., Westchester County Health Care Corporation and Westchester Medical Center respectfully requests judgment dismissing the complaint in its entirety together with an award of the costs and disbursements of this action, including reasonable attorneys fees, and such other relief as the Court may deem just and proper

## JURY DEMAND

PLEASE TAKE NOTICE that defendants New York Cardiothoracic Group, PLLC, Steven L. Lansman, M.D., David Spielvogel, M.D., Westchester County Health Care Corporation and Westchester Medical Center hereby demand a trial by jury of all issues in the captioned litigation.

Dated: Great Neck, New York
November 19, 2007

GARFUNKEL, WILD & TRAVIS, P.C.
*Attorneys for Defendants*

By: _____
Leonard Rosenberg
(LR-6910)

111 Great Neck Road
Great Neck, New York 11021
(516) 393-2200
(516) 466-5964 (fax)

Jordy Rabinowitz (JR-6558)
Barbara Kukowski (BK-   )
Westchester County Health Care Corporation
Office of Legal Affairs
Executive Offices at Taylor Care Center
Valhalla, New York 10595
(914) 493-2101
(914) 493-2321 (fax)

17

708362v.3