**EXHIBIT 11**

## MENAKER & HERRMANN
### A LIMITED LIABILITY PARTNERSHIP
### IO EAST 40ᵀᴴ STREET
### NEW YORK, NEW YORK IOOI6-O3OI

RICHARD G. MENAKER
EXTENSION: 223
rmenaker@mhjur.com

TELEPHONE
(212) 545-1900

FACSIMILE
(212) 545-1656

WEBSITE
www.mhjur.com

**Confidential**

March 22, 2007

By DHL Courier

Mr. Michael Israel
President & CEO
Westchester Medical Center
Valhalla, NY 10595

Re:     Denial of Privileges to Michael Evans, P.A.

Dear Mr. Israel:

On behalf of Cardiac Surgery Group, P.C. and its principals Rocco J. LaFaro, M.D., and Arlen G. Fleisher, M.D. (collectively, "CSG"), I write to object to the refusal of Westchester Medical Center ("WMC") to process the application of Michael Evans for privileges on the Allied Health Professional Staff of WMC's Department of Surgery, Section of Cardio-Thoracic Surgery.    Approval of that application was a precondition for Mr. Evans, an experienced physician's assistant, to become a member of the CSG staff. WMC's action has thus wrongfully undermined our clients' ability to meet the demand for their services, in violation of federal and state antitrust law.

We understand the facts to be as follows.  Since 1998, the surgeons of CSG have comprised the approved clinical faculty practice group ("FCP") for cardio-thoracic surgery within the Federated Faculty Practice Plan (the "FFPP") of New York Medical College at WMC. Any cardio-thoracic surgeon who wished to receive the perquisites and privileges of a "full-time" faculty appointment or serve as Chief of Section or Director of Department at WMC was required to be in the FFPP and thus be employed by CSG.

In 2003-04, CSG experienced attrition of its membership, resulting in a reduction in the number of cardio-thoracic surgeons with privileges at WMC. Thereafter, in early 2005, WMC in violation of the principles espoused by the FFPP (on which Governing Council the CEO of WMC sits ex-officio) recruited two members of the surgical staff at Mount Sinai Hospital, Drs. Steven Lansman and David Spielvogel, to affiliate with WMC.  Both were subsequently invited to join CSG, but they declined to do so, instead setting up their own entity called The New York Cardiothoracic Group ("NYCG").

Mr. Michael Israel
March 19, 2007
Page 2

While neither member of NYCG has qualified under the FFPP to receive an appointment to the New York Medical College full-time faculty to date, they have each obtained faculty titles. With the encouragement of the WMC, neither has had to join an FFPP-approved practice. Both surgeons have nonetheless received privileges to perform cardio-thoracic surgery at WMC, which they do in competition with CSG. In violation of the WMC Medical Staff Bylaws and its Rules and Regulations, Dr. Lansman was pressed forward by the Administration of the WMC and appointed Chief of Cardio-Thoracic Surgery – a position for which he fails to meet basic qualifications.

In the meantime, as a result of increasing demand and to maintain the highest quality of treatment, CSG sought in August 2006 to engage a physician's assistant to its practice. Michael Evans agreed to join CSG after more than 10 years at St. Joseph's Hospital in Paterson, New Jersey, and CSG supported his application for privileges at WMC. Mr. Evans' application received approval at both the Credentials Committee and the Executive Committee of the Medical Board levels of the review process, and it was anticipated that final administrative approval would be rapidly forthcoming.

Despite the foregoing, however, by February 16, 2007 letter, a copy of which was sent to CSG, your colleague Linda Glickman advised Mr. Evans that WMC could "not process your application for privileges. ..." The reason given was that "there is an existing exclusive agreement with The New York Cardiothoracic Group, within the Section of Cardio-Thoracic Surgery." By all indications, WMC has an agreement with NYCG or its members that empowers the latter to obstruct CSG's ability to provide competitive surgical services at WMC. The law does not permit anticompetitive arrangements of that kind – simply stated, it is an agreement in unreasonable restraint of trade under the federal and state antitrust laws that exposes both WMC and NYCG to potential liability, which may include the remedy of treble damages.

The principals of CSG have no particular wish to engage in legal proceedings to protect their rights. They have instructed this firm to reach out to you in the hope that the issue described above can be resolved without resort to litigation. To that end, I urge you to bring our clients' concerns promptly to the attention of experienced antitrust counsel. Because this is a matter of real urgency, I would be grateful if you or counsel could reply to this letter right away.

Yours sincerely,

Richard G. Menaker

RGM: hc.001
cc: Julie B. Switzer, Esq. (by DHL)