**WESTCHESTER**
**MEDICAL CENTER**

Jordy Rabinowitz
Senior Associate General Counsel

February 8, 2008

**By Facsimile: 212-545-1656**

Richard G. Menaker, Esq.
Menaker & Hermann, LLP
10 East 40th Street
New York, New York 10016-0301

      Re:    Lafaro et al. v. New York Cardiothoracic Group, et al.
              07 Civ. 7984 (SCR)

Dear Dick:

      This letter is written pursuant to Rule 11(c) of the Federal Rules of Civil Procedure, and places you on notice that it is defendants' position that plaintiffs' motion to strike defendants' affirmative defenses violates Fed.R.Civ.Proc 11(b). Defendants respectfully request that plaintiffs voluntarily withdraw the motion and defendants reserve the right to seek sanctions if it is not withdrawn. Plaintiffs' motion needlessly increases the cost of this litigation.

      The gist of plaintiffs' motion is that because plaintiffs have met their pleading requirements as to the elements of their antitrust and state-based claims the affirmative defenses are, therefore, improper. For example, as to the various antitrust affirmative defenses, in support of points II, III, IV, and VI of plaintiffs' memorandum of law, plaintiffs argue that they have "adequately alleged" or are "not required to plead" an effect on interstate commerce, proper product and geographic markets and market power, and an unreasonable restraint on trade.[1]

      However, even the most cursory review of Second Circuit law on a 12(f) motion demonstrates that "pleading standards" are not what are at issue. Instead, Second Circuit law is clear that such a motion is "disfavored" and that to succeed a plaintiff must satisfy three criteria. First, there must be no question of fact that might allow the defense to succeed. Second, there must be no substantial question of law that might allow the

---

[1] Plaintiffs' Point V arguing that defendants' *Copperweld* defense should be stricken is moot, given that defendants expressly agreed to withdraw this defense. *See* Exhibit H to your Affidavit.

Westchester Medical Center • Office of Legal Affairs • Valhalla, New York 10595 • 914.493.2101 • Fax 914.493.2321

defense to succeed. Third, the plaintiff must be prejudiced by the inclusion of the defense. *See Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds*, 478 U.S. 1015 (1986); *City of New York v. New York Pizza Development, LLC*, 2006 WL 2850237 *3 (S.D.N.Y. 2006); *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 271-72 (S.D.N.Y. 1999). Here, plaintiffs do not even cite, much less meet, their burden on this motion.[2]

As to plaintiffs' remaining Points, it is evident that the gist of these arguments are directed toward questions of law, ignoring that critical issues law (and fact, should defendants' immunity and standing arguments not result in immediate dismissal) still remain. Again, Second Circuit law makes clear that pre-discovery resolution of these issues on a 12(f) motion is not appropriate. *See Estee Lauder*, 189 F.R.D. at 272 ("even when the facts are not disputed . . . a motion to strike for insufficiency was never intended to furnish an opportunity for the determination of disputed and substantial questions of law, . . . particularly when there has been no significant discovery") (quoting *Salcer*, 744 F.2d at 939).

In any event, and again, there is no way that plaintiffs will be able to meet their burden on this motion. Even if there were no facts and law at issue -- and there is no question that each and every affirmative defense pleaded is a valid defense to the antitrust claim and state-based claim, both as to fact and law, plaintiffs will not be able to show prejudice by their inclusion in defendants' amended answer. In fact, defendants properly raised these affirmative defenses in accordance with the primary purpose of pleading an affirmative defense: to protect a plaintiff from an unfair surprise. *See Colon ex rel. Molina v. BIC USA, Inc.*, 136 F.Supp.2d 196, 200 (S.D.N.Y. 2000).

In sum, this motion does not even begin to address the proper showing necessary on a 12(f) motion, and defendants respectfully request, again, that plaintiffs not waste judicial and party resources pursuing it.

Very truly yours,

Jordy Rabinowitz

cc: Leonard M. Rosenberg, Esq.

---

[2] This same analysis applies to plaintiffs' Point VIII as well, which merely argues that plaintiffs properly alleged causation and that "plaintiffs' allegations of purpose are more than sufficient."

**MENAKER & HERRMANN**
A LIMITED LIABILITY PARTNERSHIP
10 EAST 40TH STREET
NEW YORK, NEW YORK 10016-0301

RICHARD G. MENAKER
EXTENSION: 223
rmenaker@mhjur.com

TELEPHONE
(212) 545-1900

FACSIMILE
(212) 545-1656

WEBSITE
www.mhjur.com

February 11, 2008

By Telefax

Jordy Rabinowitz, Esq.
Senior Associate General Counsel
Westchester Medical Center
Office of Legal Affairs
Valhalla, NY 10595

Re: Lafaro v. NYCG
07 Civ. 7984 (SCR)

Dear Jordy:

I have your February 8, 2008 letter stating that our motion to dismiss a number of plaintiffs' affirmative defenses "violates Fed. R. Civ. P. 11(b)," which provides that a written motion constitutes a certification by the signing attorney that the submission is non-frivolous. Your contention is without merit.

Defendants interposed thirty-two "affirmative defenses" in their amended answer. The vast majority are insufficient as a matter of law, and their removal from the case "would avoid wasting unnecessary time and money litigating the invalid defense[s]." *SEC v. Electronics Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988), *aff'd*, 891 F.2d 457 (2d Cir. 1989), *cert. denied*, 496 U.S. 942 (1990); *see also EEOC v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004); *SEC v. McCaskey*, 56 F. Supp. 2d 323, 326-27 (S.D.N.Y. 1999). Insofar as a showing of "prejudice" is required to justify dismissal of an affirmative defense, "[a]n increase in the time, expense and complexity of a trial may constitute sufficient prejudice to warrant granting" the motion. *McCaskey, supra.*

One of the fundamental defects in several of the defenses is their assertion that various elements of plaintiffs' antitrust claims were "not adequately alleged." That assertion is simply untrue, as we show in our motion. It would be highly prejudicial for plaintiffs to have to deal with those meritless defenses through discovery and into trial. Moreover, your statement about the *Copperweld* defense ignores your refusal to withdraw it with prejudice, especially given the binding admissions by defendants in the Professional Services Agreement that are inconsistent with the assertion of this defense.

Jordy Rabinowitz, Esq.
February 11, 2008
Page 2

      Our motion satisfies the applicable standard for a Rule 12(f) motion. We attempted before making our motion to persuade you to withdraw the defective defenses, but you responded favorably only with respect to three of those defenses. The balance, regrettably, will have to be addressed by the Court.

      Yours sincerely,

      Richard G. Menaker

RGM:md.001
cc: Leonard M. Rosenberg, Esq. (by telefax)