Richard G. Menaker (RM 4716)
Stephen D. Houck (SH 0959)
Menaker & Herrmann LLP
10 East 40th Street
New York, New York 10016
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROCCO J. LAFARO, M.D., ARLEN G.
FLEISHER, M.D., and CARDIAC SURGERY
GROUP, P.C.,

                             Plaintiffs,

                    -against-

NEW YORK CARDIOTHORACIC GROUP,
PLLC, STEVEN L. LANSMAN, M.D., DAVID
SPIELVOGEL, M.D., WESTCHESTER
COUNTY HEALTH CARE CORPORATION and
WESTCHESTER MEDICAL CENTER,

                             Defendants.

07 Civ. 7984 (SCR)

-----------------------------------------------------------------X

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS AFFIRMATIVE DEFENSES**

March 25, 2008

## TABLE OF CONTENTS

                                                                  Page

Table of Authorities ............................................................. ii

Summary ..................................................................... 1

Argument .................................................................... 3

I.     Plaintiffs Have Met Their Burden of Showing the Required
       Elements for Dismissal under Rule 12(f) ............................... 3

II.    Defendants Have Failed to Provide Any Cogent Reason Why
       Meritless Affirmative Defenses Should Not be Dismissed .................. 5

        A.    The First Affirmative Defense, Based on the
              Statute of Limitations, Is Without Merit .......................... 5

        B.    Affirmative Defenses Five, Six, Seven, Eight, Nine and Twelve,
              Relating to Plaintiffs' Antitrust Claim, Are Without Merit ............. 6

        C.    Defendants' Fourteenth and Fifteenth Affirmative Defenses,
              Based on Documentary Evidence, Are Invalid Affirmative Defenses .... 8

        D.    Defendants' Nineteenth and Twentieth Affirmative Defenses
              Are Invalid Because Plaintiffs Adequately Plead a Claim
              for Tortious Interference ...................................... 9

        E.    Defendants' Twenty-Second and Twenty-Third Affirmative
              Defenses Are Invalid: Plaintiffs Need Not Appear Before
              the PHC and Do Not Challenge Any Termination of Privileges ........ 11

        F.    Defendants' Twenty-Sixth Affirmative Defense, Based on Waiver,
              Release, Estoppel and Laches, Is an Invalid Affirmative Defense ...... 12

        G.    Defendants' Twenty-Ninth Affirmative Defense, That Plaintiffs
              Are Not Entitled to Treble Damages, Is Without Merit .............. 13

Conclusion ................................................................... 14

## TABLE OF AUTHORITIES

**Cases**                                                                                                             Page

*Advanced Marine Technologies, Inc. v. Burnham Securities, Inc.*
    16 F. Supp. 2d 375 (S.D.N.Y. 1988) ................................... 10

*Bell Atlantic Corp. v. Twombly*
    __ U.S. __, 127 S.Ct. 1955 (2007) ................................... 8

*Bentivegna v. Meenan Oil Co., Inc.*
    126 A.D.2d 506, 510 N.Y.S.2d 626 (2d Dept. 1987) ...................... 12

*Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*
    369 F.3d 212 (2d Cir. 2004) ................................... 13

*Chime v. Sicuranza*
    221 A.D.2d 401, 633 N.Y.S.2d 536 (2d Dept. 1995). ................... 11

*De Beers LV Trademark Ltd. v. DeBeers Diamond Syndicate, Inc.*
    No. 04 Civ. 4099, 2005 WL 1164073 (S.D.N.Y. May 18, 2005) ............ 3, 4

*E.E.O.C. v. Bay Ridge Toyota, Inc.*
    327 F. Supp. 2d 167 (E.D.N.Y. 2004) ................................... 4

*Estee Lauder, Inc. v. Fragrance Counter, Inc.*
    189 F.R.D. 269 (S.D.N.Y. 1999) ................................... 4

*Finley v. Giacobbe*
    827 F. Supp. 215 (S.D.N.Y. 1993) ................................... 5

*Glenesk v. Guidance Realty Corp.*
    36 A.D.2d 852, 321 N.Y.S.2d 685 (2d Dept. 1971) ...................... 8, 13

*Global Poly Inc. v. Fred's Inc.*
    No. 03 C 4561, 2004 WL 532844 (N.D. Ill. March 11, 2004) .............. 12

*In re Medical X-Ray Film Antitrust Litigation*
    946 F. Supp. 209 (E.D.N.Y. 1996) ................................... 6

*Iqbal v. Hasty*
    490 F.3d 143 (2d Cir. 2007) ................................... 7

*Mahmud v. Kaufmann*
    496 F. Supp. 2d 266 (S.D.N.Y. 2007) ................................... 7

*Mahmud v. Kaufmann*
  454 F. Supp. 2d 150 (S.D.N.Y. 2006) .................................................. 10

*Maric v. St. Agnes Hospital Corp.*
  65 F.3d 310 (2d Cir. 1995), *cert. denied*, 516 U.S. 1115 (1996) .............. 6

*Metric Hosiery Co. v. Spartans Industries, Inc.*
  50 F.R.D. 50 (S.D.N.Y. 1970) ......................................................... 5, 7, 10

*Reddy v. Puma*
  No. 1:06CV1283ENV-KAM, 2006 WL 2711535 (E.D.N.Y. Sept. 21, 2006) .... 7

*Schlaifer v. Sedlow*
  51 N.Y.2d 181, 433 N.Y.S.2d 67 (1980) ............................................ 12, 13

*S.E.C. v. Electronics Warehouse, Inc.*
  689 F. Supp. 53 (D. Conn. 1988), *aff'd*, 891 F.2d 457 (2d Cir. 1989)
  *cert. denied*, 496 U.S. 942 (1990) ....................................................... 4

*S.E.C. v. KPMG LLP*
  No. 03 Civ. 671, 2003 WL 21976733 (S.D.N.Y. Aug. 20, 2003) ............. 4

*S.E.C. v. McCaskey*
  56 F. Supp. 2d 323 (S.D.N.Y. 1999) .................................................... 4

*Specialty Minerals, Inc. v. Pluess-Staufer AG*
  395 F. Supp. 2d 109 (S.D.N.Y. 2005) ................................................... 4

*Teitler v. Max J. Pollack & Sons*
  288 A.D.2d 302, 733 N.Y.S.2d 122 (2d Dept. 2001) ........................... 8, 9

*Telectronics Proprietary, Ltd. v. Medtronic, Inc.*
  687 F. Supp. 832 (S.D.N.Y. 1988) ...................................................... 13

*Times-Picayune Pub. Co. v. U.S.*
  345 U.S. 594 (1953) ............................................................................ 6

*Tsadik v. Beth Israel Medical Center*
  13 Misc.3d 359, 822 N.Y.S.2d 395 (Sup. Ct. N.Y. Co. 2006) .............. 11

*William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*
  744 F.2d 935 (2d Cir. 1984), *vacated on other grounds*,
  478 U.S. 1015 (1986) .......................................................................... 3

**Statutes and Rules**

Sherman Act § 1, 15 U.S.C. § 1 .................................................. 6

Fed. R. Civ. P. 1 ................................................................ 3

Fed. R. Civ. P. 12(f) ........................................................... 2-4

N.Y. C.P.L.R. 3211(a)(1) ...................................................... 8, 9

N.Y. C.P.L.R, Art. 78 ......................................................... 5, 13

N.Y. C.P.L.R 7801 ............................................................. 5

Richard G. Menaker (RM 4716)
Stephen D. Houck (SH 0959)
Menaker & Herrmann LLP
10 East 40th Street
New York, New York 10016
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ROCCO J. LAFARO, M.D., ARLEN G.                             :   07 Civ. 7984 (SCR)
FLEISHER, M.D., and CARDIAC SURGERY                         :
GROUP, P.C.,                                                :
                                                            :
                        Plaintiffs,                         :
                                                            :
              -against-                                     :
                                                            :
NEW YORK CARDIOTHORACIC GROUP,                              :
PLLC, STEVEN L. LANSMAN, M.D., DAVID                        :
SPIELVOGEL, M.D., WESTCHESTER                               :
COUNTY HEALTH CARE CORPORATION and                          :
WESTCHESTER MEDICAL CENTER,                                 :
                                                            :
                        Defendants.                         :
                                                            :
------------------------------------------------------------X

## PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS AFFIRMATIVE DEFENSES

When defendants managed to come up with 32 "affirmative defenses" in response to a civil complaint containing only three counts, they earned high marks for creativity. Federal litigation, however, is not a law school exam. Implicit in the overkill was the message that defendants – who comprise two large health-care institutions, a hospital section head, his partner and their limited liability company – intended to swamp plaintiffs

with as convoluted, costly and burdensome a lawsuit as possible. The Court should recognize that message and the resulting prejudice to plaintiffs, and employ Fed. R. Civ. P. 12(f) to do something about it, namely, pare down the defenses to those that have at least superficial plausibility. This means dismissing meritless affirmative defenses based on inapplicable statutes of limitations, exhaustion requirements and other theories that cannot withstand scrutiny. It also means dismissing defenses that are really nothing more than challenges to the sufficiency of pleading where it is clear from the complaint that the pleading meets the relevant legal standards. Paring down the answer to manageable proportions is a straightforward task, in part because the lack of merit in the defenses moved against is clear-cut, but also because defendants say so little in their support.

Much of defendants' opposition to the motion consists of hyperbole ("shockingly frivolous"), irrelevant recitations about the back and forth between counsel (Defs' Opp. Mem. at 3, 4-5, 13, 21), and arguments that do not address the actual basis for dismissal (*see* pp.6-8 *infra*). The claim that the defenses should remain in place at least until there has been discovery may make sense for certain defenses that have not been moved against, such as those that raise issues about compliance with the Federated Faculty Practice Plan (*e.g.*, 16th and 17th Aff. Defs.). But it makes no sense where the defenses simply challenge the adequacy of pleading (*e.g.*, 5th, 6th, 7th, 8th, 9th, 12th, 19th, 20th and 29th Aff. Defs.). Defendants argue that granting plaintiffs' motion will prevent them "from engaging in meaningful discovery" (Defs' Opp. Mem. at 27). That is manifestly not so with respect

to matters put in issue by the complaint – like the definition of the relevant market or the quantum of damages.[1] Eliminating meritless defenses will not prejudice defendants, but rather will focus the parties and the Court on the real issues and thereby help "secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

ARGUMENT

I. **Plaintiffs Have Met Their Burden of Showing the Required Elements for Dismissal under Rule 12(f).**

Defendants argue that a motion under Fed. R. Civ. P. 12(f) to strike an affirmative defense is "disfavored," that there are three elements that must be satisfied,[2] and that plaintiffs have not met their burden to satisfy those elements (Defs' Opp. Mem. at 6, citing *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935 (2d Cir. 1984), *vacated on other grounds*, 478 U.S. 1016 (1986)). But the case cited by defendants involved a single affirmative defense raising a legal issue that was "substantial and disputed." 744 F.2d at 938, 939. Here, in contrast, defendants have dreamed up *thirty-two* purported defenses, and those that are moved against raise no substantial or disputed questions of fact or law.

---

[1] While plaintiffs did not move under Rule 12(f) against the second, third, fourth, thirty-first and thirty-second affirmative defenses, by opposing defendants' reliance on them in their motion for judgment on the pleadings, plaintiffs are contesting those defenses as well, and the Court should conclude in connection with that motion that those five defenses also must be disallowed.

[2] The three elements are as follows: "First, there must be no question of fact that might allow the defense to succeed. Second, there must be no substantial question of law that might allow the defense to succeed. Third, the plaintiff must be prejudiced by the inclusion of the defense." *De Beers LV Trademark Ltd. v. DeBeers Diamond Syndicate, Inc.*, No. 04 Civ. 4099, 2005 WL 1164073 (S.D.N.Y. May 18, 2005) (striking unclean hands defense).

Moreover, as to the third element, prejudice, it is elementary that "[i]ncreased time and expense of trial may constitute sufficient prejudice to warrant granting [a] plaintiff's Rule 12(f) motion." *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 272 (S.D.N.Y. 1999). Here, the burdens of addressing a battery of affirmative defenses that are baseless on their face constitute precisely the kind of prejudice the courts have found sufficient to warrant dismissal. *See, e.g., Specialty Minerals, Inc. v. Pluess-Stauffer AG*, 395 F. Supp. 2d 109, 114 (S.D.N.Y. 2005); *De Beers LV Trademark Lt. v. DeBeers Diamond Syndicate, Inc., supra*, at *3; *S.E.C. v. KPMG LLP*, No. 03 Civ. 671, 2003 WL 21976733 at *2 (S.D.N.Y. Aug. 20, 2003); *S.E.C. v. McCaskey*, 56 F. Supp. 2d 323, 326-27 (S.D.N.Y. 1999). As Judge Glasser emphasized in a 2004 ruling "[i]n particular, 'a defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." *E.E.O.C. v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004), *quoting S.E.C. v. Electronics Warehouse, Inc.*, 689 F. Supp. 53, 73 (D. Conn. 1988), *aff'd*, 891 F.2d 457 (2d Cir. 1989), *cert. denied*, 496 U.S. 942 (1990). The Court may take note that this settled line of authority is not mentioned in defendants' papers despite their being advised of it in the correspondence defendants attach.

Plaintiffs have met their burden of showing the absence of any disputed issue of law or fact for the defenses moved against and the immense waste of time and money that would be entailed by litigating over them during pretrial proceedings. Many of the defenses

are nothing more than challenges to the sufficiency of antitrust or common law pleading – it was wrong to insert them as defenses and timely to dismiss them now. *Metric Hosiery Co. v. Spartans Industries, Inc.*, 50 F.R.D. 50, 52 (S.D.N.Y. 1970) (Mansfield, J.).

## II. Defendants Have Failed to Provide Any Cogent Reason Why Meritless Affirmative Defenses Should Not Be Dismissed.

### A. The First Affirmative Defense, Based on the Statute of Limitations, Is Without Merit.

Plaintiffs moved to dismiss defendants' First Affirmative Defense (statute of limitations) because all three counts in the complaint involve claims brought within three years, the shortest applicable limitations period. *See* Pls' Mem. at 4-5. Defendants respond that they "believe" Count II is a claim based on hospital by-laws and thus would be "barred by the statute of limitation[s] applicable to Article 78 proceedings" (Defs' Opp. Mem. at 9). That contention is without merit. Count II on its face alleges claims for breach of contract and tortious interference with contractual duties (Compl. ¶¶ 65, 66). Article 78 of the C.P.L.R., the modern version of the historic proceeding for an extraordinary unit against a public body or officer, is not implicated. N.Y.C.P.L.R. 7801.

Under New York law, "hospital by-laws can form the basis of a breach of an employment contract claim." *Finley v. Giacobbe*, 827 F. Supp. 215, 222 (S.D.N.Y. 1993). Moreover, "medical staff by-laws can form the basis of a claim for breach of contract or tortious interference with contractual relations." *Finley v. Giacobbe*, 827 F. Supp. at 221 (*citing Giannelli v. St. Vincent's Hospital*, 160 A.D.2d 227, 232, 553 N.Y.S.2d 677, 680 (1st

Dept. 1990)). Accordingly, the applicable limitations periods, six years for contract, three years for tort, have not expired. The First Affirmative Defense should be dismissed.

**B. Affirmative Defenses Five, Six, Seven, Eight, Nine and Twelve, Relating to Plaintiffs' Antitrust Claim, Are Without Merit.**

For the most part, defendants do not directly respond to the arguments made in support of plaintiffs' motion to dismiss Affirmative Defenses Five, Six, Seven and Eight. Instead, defendants assert 1) that plaintiffs' motion is based on "semantics" because plaintiffs argue that they have "adequately alleged" the necessary elements of their antitrust claim, and 2) that defendants will be deprived of discovery on these elements of plaintiffs' claim if plaintiffs' motion is granted (Defs' Opp. Mem. at 2-3).

It was defendants, however, who asserted that plaintiffs had "not adequately alleged" effect upon interstate commerce (Fifth Affirmative Defense), relevant product and geographic markets (Sixth Affirmative Defense), intent to unreasonably restrain trade (Seventh Affirmative Defense) and market power (Eighth Affirmative Defense).[3] As plaintiffs demonstrated in their moving papers, however, they have adequately pleaded the necessary elements of their antitrust claim.[4] Accordingly, these affirmative defenses should

---

[3] The phrase "not adequately alleged" appears *in haec verba* in Affirmative Defenses Five through Eight.

[4] Defendants make the additional argument with respect to the Seventh Affirmative Defense that an allegation of specific intent is required in pleading a violation of § 1 of the Sherman Act. *See* Defs' Opp. Mem. at 12. Defendants' citation thereto *In re Medical X-Ray Film Antitrust Litigation*, 946 F. Supp. 209 (E.D.N.Y. 1996) is not contrary to plaintiffs' authority. *See Maric v. St. Agnes Hospital Corp.*, 65 F.3d 310, 313 (2d Cir. 1995) *cert. denied*, 516 U.S. 1115 (1996). Indeed, defendants' citation is misleading because the Eastern District's authority is *Times-Picayune Pub. Co. v. U.S.*, 345 U.S. 594, 614 (1953), where, as the Supreme Court makes clear: "Since the requisite intent is found whenever unlawful effects are found...the

be dismissed. Dismissal will not impair defendants' ability to take discovery on any of these matters, all of which have been put in issue by the allegations in the complaint. *See Metric Hosiery Co. v. Spartans Industries, Inc., supra*, 50 F.R.D. at 52.

Defendants make no substantive response whatsoever to plaintiffs' argument that the Ninth Affirmative Defense – the so-called *Copperweld* defense – should be dismissed as a matter of law. *See Mahmud v. Kaufmann*, 496 F. Supp. 2d 266 (S.D.N.Y. 2007); *Reddy v. Puma*, No. 1:06CV1283ENV-KAM, 2006 WL 2711535 (E.D.N.Y. Sept. 21, 2006). Nor do they respond to plaintiffs' argument that the *Copperweld* defense is directly contradicted by defendants' own assertion in the Professional Services Agreement that the individual defendants and their professional corporation are "not employees of the Hospital." Defendants' willingness to dismiss this defense voluntarily is hollow and illusory because they reserve the right to reinstate it at will (*see* Defs' Opp. Mem. at 13). For the reasons stated, the Eighth Affirmative Defense lacks merit and should be dismissed forthwith.

Defendants' response to plaintiffs' request to dismiss the Twelfth Affirmative Defense (that the antitrust claims are conclusory) borders on a *non sequitur*. Defendants assert that *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) "does not deal with the pleading requirements for an antitrust claim, but rather focuses on pleading requirements in general" (Defs' Opp. Mem. at 13). Yes, precisely. The plausibility standard articulated by the Second

---

contracts may yet be banned if unreasonable restraint was either their object or effect." (Citations omitted.) Accordingly, the pleading requirement is satisfied where, as here, plaintiffs allege that they have been injured by reason of the unreasonable restraint described in the complaint. *See, e.g.*, Compl. ¶ 57.

Circuit in *Iqbal* applies to all claims, including antitrust claims. *Id.*, 490 F.3d at 157-8.[5] Defendants make no serious effort to argue that plaintiffs' claim does not meet this standard. Indeed, their citation to specific language in the *Twombly* opinion, __ U.S. __, 127 S.Ct. 1955, 1966 (2007) (Defs' Opp. Mem. at 14) – "an allegation of parallel conduct and a bare assertion of conspiracy" – underscores the differences between the deficient complaint there and the sufficient complaint here; the latter is based on an express written agreement and allegations of overt acts taken in furtherance of that agreement (*see, e.g.*, Compl. ¶¶ 37-41). Plaintiffs' complaint is not conclusory, and defendants' Twelfth Affirmative Defense should be dismissed.

### C.  Defendants' Fourteenth and Fifteenth Affirmative Defenses, Based on Documentary Evidence, Are Invalid Affirmative Defenses.

Plaintiffs have moved to dismiss the Fourteenth and Fifteenth Affirmative Defenses, which assert the existence of documents that would defeat their claims, on the grounds that defendants' answer cites no actual documentary basis for a valid defense. *Glenesk v. Guidance Realty Corp.*, 36 A.D.2d 852, 853, 321 N.Y.S.2d 685, 687 (2d Dept. 1971). Moreover, as plaintiffs demonstrated, such a defense is invalid unless it "resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim." *Teitler v. Max J. Pollack & Sons*, 288 A.D.2d 302, 733 N.Y.S.2d 122 (2d Dept. 2001); N.Y.

---

[5] Defendants engage in a similar, puzzling exercise in logic when they assert that plaintiffs do "not, effectively plead any injury" although they had just quoted the following language from the complaint: "Plaintiffs have been injured in their businesses and property by reason of the unreasonable restraint of trade and commerce described above" *See* Defs' Opp. Mem. at 14.

C.P.L.R. 3211(a)(1). In response, defendants argue that the provisions of the Professional Services Agreement ("PSA") "demonstrate a total absence of injury to Drs. Lafaro and Fleisher, or their practice group, Defendant Cardiac Surgery Group, P.C." (Defs' Opp. Mem. at 15). But nothing in the PSA explicitly addresses, much less establishes, absence of injury. The PSA, in any event, could not bind plaintiffs since they are not parties to it. Defendants' conclusory and unsupported assertion of injury cannot turn the PSA into a dispositive document.

Defendants argue in a footnote that it is somehow "contradictory" for plaintiffs to claim on the one hand that injury is a fact issue while at the same time seeking dismissal of the "documentary evidence" defenses (Defs' Opp. Mem. at 15 n.6). There is no contradiction. Plaintiffs have their own burden to show injury, and that aspect of the case is undoubtedly fact intensive. But for documentary evidence to constitute a valid affirmative defense, it must contain language that in and of itself defeats plaintiffs' claim. *Teitler v. Max J. Pollack & Sons, supra.* If, as here, there is no such language and issues of fact exist, the defense is invalid and should be dismissed.

### D. Defendants' Nineteenth and Twentieth Affirmative Defenses Are Invalid Because Plaintiffs Adequately Plead a Claim for Tortious Interference.

In their memorandum supporting dismissal of the Nineteenth and Twentieth Affirmative Defenses (failure to state a claim for tortious interference), plaintiffs demonstrated that such a cause of action requires allegations of interference *either* with the

sole purpose of harming the plaintiff *or* by dishonest, unfair or improper means. *Mahmud v. Kaufmann*, 454 F. Supp. 2d 150, 161 (S.D.N.Y. 2006). Defendants concede that either element suffices (Defs' Opp. Mem. at 16-17). Yet they focus exclusively on the "sole purpose" requirement, ignoring the alternative showing of "improper means." Defendants quote from *Advanced Marine Technologies, Inc. v. Burnham Securities, Inc.*, 16 F. Supp. 2d 375, 385 (S.D.N.Y. 1988), but omit the key language: "Here, there is no suggestion that defendants acted with the sole purpose of harming plaintiffs. Hence, the issues are whether they interfered with the...relationship and, if so, whether they did so by fraudulent *or improper means.*" *Id.* (*emphasis added*). Defendants then state: "Plaintiffs do not allege that Defendants' conduct was 'dishonest, unfair or improper.'" (Defs' Opp. Mem. at 17, *citing* Pls' Mem. at 17). But that is incorrect. Plaintiffs clearly state on the cited page that "the improper means used...by defendants...was a restrictive agreement entered into in violation of the antitrust laws" (Pls' Mem. at 17, *citing* Compl. ¶ 46).

      Defendants also argue that it is premature to strike these defenses "because discovery has not commenced" (Defs' Opp. Mem. at 16). But the timing of discovery is beside the point. No amount of discovery will alter whether plaintiffs have (or have not) stated a valid claim for tortious interference. *See Metric Hosiery co., supra*, 50 F.R.D. at 52. As plaintiffs have shown, the complaint does state a valid claim, and the Nineteenth and Twentieth Affirmative Defenses are without merit and should be dismissed.

E.  **Defendants' Twenty-Second and Twenty-Third Affirmative Defenses Are Invalid: Plaintiffs Need Not Appear Before the PHC and Do Not Challenge Any Termination of Privileges.**

Plaintiffs have moved to dismiss defendants' Twenty-Second and Twenty-Third Affirmative Defenses, which assert a supposed failure to exhaust remedies before the Public Health Council ("PHC"). *See* Pls' Mem. at 18-19. As plaintiffs demonstrated in their moving papers, there is no requirement to exhaust administrative remedies for violations of the Sherman or Donnelly Acts or for monetary relief under New York contract or tort law. *Tsadik v. Beth Israel Medical Center*, 13 Misc.3d 359, 822 N.Y.S.2d 395, 398-99 (Sup. Ct. N.Y. Co. 2006); *Chime v. Sicuranza*, 221 A.D.2d 401, 633 N.Y.S.2d 536 (2d Dept. 1995). Rather than address this dispositive point, defendants argue that "it is not clear on the face of the Complaint whether Plaintiffs complain about restriction of their privileges at WMC" and therefore that "[p]laintiffs' claims are barred 'to the extent' that they complain of restrictions to their privileges" (Defs' Opp. Mem. at 18). The argument is a makeweight. Plaintiffs do not allege that they have lost professional privileges to practice medicine at WMC or to perform cardiothoracic surgery there. Their grievance is a commercial one, relating to anticompetitive conduct by defendants that harms the quality of patient care and threatens the livelihood of plaintiffs. The PHC simply does not deal with antitrust and related commercial issues.

F.  **Defendants' Twenty-Sixth Affirmative Defense, Based on Waiver, Release, Estoppel and Laches, Is an Invalid Affirmative Defense.**

Plaintiffs moved to dismiss defendants' Twenty-Sixth Affirmative Defense, asserting waiver, release, estoppel and laches, because defendants fail to provide notice of any factual basis for a valid defense. *See, e.g., Global Poly Inc. v. Fred's Inc.*, No. 03 C 4561, 2004 WL 532844 (N.D. Ill. March 11, 2004). Defendants do not address this fundamental problem in their pleading. Instead, they assert that "[p]laintiffs were fully aware of the PSA" and are therefore "hard-pressed to argue that a defense of waiver, release, estoppel and *laches* cannot succeed" (Defs' Opp. Mem. at 19). That contention, however, contradicts defendants' own answer. Paragraph 31 of the complaint alleges: "No prior notice was given to plaintiffs of such agreement, nor was any effort made to obtain consent from the governing body of the FFPP." The answer responds by denying "knowledge and information sufficient to form a belief as to the truth" of the allegations (Ans. ¶ 31). Elsewhere, defendants concede that they did not give plaintiffs a copy of the PSA (Compl. ¶ 42; Ans. ¶ 42).[6]

Moreover, the Twenty-Sixth Affirmative Defense does not contain a single factual allegation of anything plaintiffs purportedly did to waive, release or be estopped from asserting any of their claims. This is a prima facie ground for dismissal. *Bentivegna v. Meenan Oil Co., Inc.*, 126 A.D.2d 506, 510 N.Y.S.2d 626 (2d Dept. 1987), *Schlaifer v.*

---

[6] Defendants did not provide plaintiffs with a copy of the PSA until January 3, 2008, after this action began.

*Sedlow*, 51 N.Y.2d 181, 185, 433 N.Y.S.2d 67, 9 (1980), *Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 687 F. Supp. 832, 841 (S.D.N.Y. 1988). The pleading is "totally bereft of factual data" and "merely plead[s] conclusions of law" *Glenesk v. Guidance Realty Corp., supra* 36 A.D.2d at 853, 321 N.Y.S.2d at 687.[7]

### G. Defendants' Twenty-Ninth Affirmative Defense, That Plaintiffs Are Not Entitled to Treble Damages, Is Without Merit.

Defendants' Twenty-Ninth Affirmative Defense states that "[p]laintiffs are not entitled to treble damages" (Ans. ¶102). But the law could not be clearer: plaintiffs will be statutorily entitled, under both federal and state statutes, to automatic trebling of any damages that may be found. *Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 218 (2d Cir. 2004). Defendants do not contend otherwise. Their only point appears to be that plaintiffs must prove they are entitled to some damages before those damages are trebled. But it is always a plaintiff's burden to prove damages. In other words, the quantum of damages to which a plaintiff is entitled is a factual issue to be resolved as an element of plaintiffs' case in chief and is not the proper subject of an affirmative defense. There is no question that plaintiffs are entitled to automatic trebling of whatever damages they can prove they suffered as a result of defendants' anticompetitive conduct.

---

[7] Defendants' bizarre assertion (Defs' Opp. Mem. at 20) that there might be a "waiver" because of the expiration of a four-month limitations period under Article 78 of New York's C.P.L.R. confuses two completely different legal doctrines, waiver and limitations, and is wrong on the merits. *See* p. 5 *supra*.

## CONCLUSION

For all these reasons and for the reasons stated in plaintiffs' opening papers, the motion to dismiss specified affirmative defenses should be granted in all respects.

Dated: March 25, 2008

                                                  Respectfully submitted,

                                                  MENAKER & HERRMANN LLP

                                                  By: _____
                                                          Richard G. Menaker (RM 4716)

                                                Attorneys for Plaintiffs
                                                10 East 40th Street
                                                New York, New York 10016
                                                (212) 545-1900

Stephen D. Houck,
     Of Counsel.